# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: SUBPOENA TO PROCTORU, INC.<br><br>IN CONNECTION WITH<br><br>AVELARDO RIVERA and YASMINE ROMERO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>                Defendant. | Misc. No.<br><br>Case No. 2:22-cv-00269-JHC<br>Pending in the Western District of Washington |

## PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION

## TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ...................................................................................................................... 3

CONCLUSION ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**PAGE(S)**

## CASES

*Legg v. Spirit Airlines, Inc.*,
   315 F.R.D. 383 (S.D. Fla. 2015)......................................................................................5

*Oppenheimer Fund v. Sanders*,
   437 U.S. 340 (1978).........................................................................................................5

*Sams v. GA West Gate, LLC*,
   316 F.R.D. 693 (N.D. Ga. 2016).....................................................................................4

*State Farm Mutual Automobile Ins. Co. v. Maistrenko*,
   2019 WL 77990855 (S.D. Fla. Dec. 20, 2019) ...............................................................4

*United States Willis v. SouthernCare, Inc.*,
   2015 WL 560467 (S.D. Ga. Sept. 23, 2015)...................................................................4

## STATUTES

740 ILCS 14/15(b) ................................................................................................................1

## RULES

Fed. R. Civ. P. 26................................................................................................................4

Fed. R. Civ. P. 45................................................................................................................3

**INTRODUCTION**

The subpoenaed party, ProctorU, Inc. ("ProctorU"), is a company that proctors online exams. The subpoenaing parties, Avelardo Rivera and Yasmine Romero ("Plaintiffs"), are students in Illinois who used ProctorU to take an exam. In the underlying action,[1] Plaintiffs brought suit against Amazon Web Services, Inc. ("Amazon"), a company that provided ProctorU its facial recognition software called "Rekognition" to verify students' identities. Plaintiffs allege that, while taking exams with ProctorU, Amazon scanned their facial geometry without first receiving their informed written consent. By doing so, Amazon violated the Biometric Information Privacy Act ("BIPA"), an Illinois statute that prohibits "collect[ing], "captur[ing]," purchas[ing], receiv[ing] through trade, or otherwise obtain[ing] a person's or a customer's biometric identifier or biometric information, unless it first … receives a written release." 740 ILCS 14/15(b).

In July 2023, after pursuing discovery from Amazon directly, Plaintiffs served ProctorU with a subpoena. That subpoena not only seeks documents that are critical to Plaintiffs' case, but it also only seeks documents that are exclusively within ProctorU's possession. Plaintiffs seek, for example, documents sufficient to identify the students who took tests that used Amazon to authenticate their identity. Plaintiffs also seek any privacy policy that ProctorU may have used during the class period. To these requests, ProctorU initially responded with intransigence, refusing to produce documents for many of them. But between July and today, Plaintiffs and ProctorU have met and conferred frequently, and those conferrals have been productive; ProctorU has supplemented its production, and Plaintiffs have winnowed their requests. And while the meet-and-confer process is ongoing and Plaintiffs remain optimistic about avoiding the need for court intervention, the end of fact discovery is today. Plaintiffs sent a letter a week and a half ago

---

[1] The underlying action is captioned, *Dorian v. Amazon Web Services, Inc.*, 2:22-cv-00269-JHC (W.D. Wash.).

1

that sought to resolve the discrete issues that are still outstanding. Plaintiffs requested that ProctorU respond to that letter by October 26, but ProctorU still has not responded. Plaintiffs therefore file this motion to reserve their ability to compel production should ProctorU decline to produce the documents necessary for Plaintiffs to maintain their action.

## BACKGROUND

The underlying action was filed on March 7, 2022, alleging that Amazon collected and stored Illinois residents' biometric data without their prior informed written consent and without establishing a retention and destruction policy for biometric data, all in violation of BIPA. *Dorian v. Amazon Web Services, Inc.*, 2:22-cv-00269-JHC, ECF No. 1 ¶ 5 (W.D. Wash. Mar. 7, 2022). Plaintiffs filed a second amended complaint on July 26, 2023, which is the operative complaint. *See Rivera v. Amazon Web Services, Inc.*, 2:22-cv-00269-JHC, ECF No. 88 (W.D. Wash. July 26, 2023) ("Compl."). Plaintiffs allege that Amazon harvested their biometrics using a service called "Rekognition," which "uses machine vision and algorithmic classification techniques to map human facial geometry and analyze the resulting data to, for example, check whether two photographs depict the same individual." *Id.* ¶ 3. Amazon offered Rekognition to companies like ProctorU to verify identities. *Id.* ¶ 34. When students took tests through ProctorU's software, "ProctorU require[d] students to show their faces and their photo IDs on camera to help verify their identity." *Id.* ¶ 35. Once their images were uploaded to ProctorU, Amazon "then use[d] Rekognition to perform facial recognition on the student's face and provided identification card to identify the student." *Id.* ¶ 36. "In other words, when students sign in to ProctorU to take a test, their biometric data is also collected by AWS in order to identify the student for ProctorU." *Id.* Discovery produced by Amazon confirmed that the specific Rekognition function used by ProctorU is called "CompareFaces."

Plaintiffs initiated discovery in November 2022, by serving Amazon with document requests and interrogatories. Since then, Plaintiffs have noticed depositions, served additional sets of discovery, and engaged in motion practice to compel productions. In July 2023, Plaintiffs served ProctorU with a subpoena seeking documents that they were unable to receive from Amazon directly. *See* Reilly Decl. ¶ 3, Ex. B.[2] From July to today, Plaintiffs and ProctorU have met and conferred three times and exchanged three letters. *See* Reilly Decl. ¶ 8. These efforts have been productive, and as a result, only four issues remain in dispute.

*First*, Plaintiffs request "all documents, communications and correspondences that refer or pertain to Plaintiffs." *See* Ex. B, RFP No. 1. Plaintiffs clarified that this request included any documents "establish[ing] when Amazon authenticated Plaintiffs' identity, not just when Plaintiffs took a test." *See* Ex. F. *Second*, Plaintiffs issued three requests that asked for "[a]ny notices" that ProctorU provided to test takers "related to Amazon Rekognition or AWS's involvement in ProctorU's identity verification process." *See* Ex. B, RFP Nos. 4, 19, 20. *Third*, Plaintiffs narrowed four requests to ask for "confidence scores for … members of the putative class," which are scores generated by Rekognition indicating the degree of similarity between two detected faces. *See id.* at RFP Nos. 5, 6, 7, 8. *Fourth*, Plaintiffs served four requests that generally asked for information that would identify putative class members. *See id.* at RFP Nos. 12–15.

## ARGUMENT

The outstanding discovery requests are relevant and proportional because they narrowly ask for documents that support Plaintiffs' claims in this putative class action case.

Plaintiffs issued their subpoena under Rule 45 of the Federal Rules of Civil Procedure, and "[t]he scope of discovery under Rule 45 is generally viewed as being coextensive with what is

---

[2] Exhibits to the declaration will hereinafter be referred to as "Ex."

permitted under Rule 26." *State Farm Mutual Automobile Ins. Co. v. Maistrenko*, 2019 WL 77990855, at *3 (S.D. Fla. Dec. 20, 2019) (internal citations omitted). Rule 26, in turn, allows parties to gain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although "[t]he subpoenaing party must first show that its requests are relevant to its claims or defenses," *see United States Willis v. SouthernCare, Inc.*, 2015 WL 560467, at *3, n.4 (S.D. Ga. Sept. 23, 2015), "[t]he third[] party objecting to the production of records must demonstrate undue burden." *See Sams v. GA West Gate, LLC*, 316 F.R.D. 693, 697 (N.D. Ga. 2016).

The first discovery issue concerns documents establishing the date and time Amazon authenticated Plaintiffs' identities. Amazon produced "usage logs" for each time ProctorU used CompareFaces, and each usage log provides details about each time CompareFaces was run, including the date and time and certain information that was collected. However, the usage logs don't provide the names of end users. In order to determine which usage logs correspond to the times CompareFaces was run on Plaintiffs, Plaintiffs need from ProctorU the date and time CompareFaces was used on them, so Plaintiffs can match those times up with the timestamps in the usage logs.

The second discovery issue—documents establishing the existence or absence of consent—also asks for documents necessary for Plaintiffs to establish their claims, because whether Plaintiffs gave prior informed written consent to AWS's collection (they contend they did not) is the primary issue in this case. So too with the third discovery issue, which seeks confidence scores for members of the putative class. Confidence scores are the percentages that Amazon transmitted to ProctorU that informed ProctorU of how well the two faces in the two pictures matched, so that evidence will further demonstrate that Amazon collected and retained biometric

4

information.  *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (construing the term "relevant" to "broadly … encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case").  And the last discovery issue—documents that can identify test takers—is necessary to establish ascertainability and, if the class is certified, to send them notice of their rights as class members.  *Legg v. Spirit Airlines, Inc.*, 315 F.R.D. 383, 388 (S.D. Fla. 2015) (observing that class certification requires that a proposed class "can be ascertained by reference to objective criteria," and that the "members can be identified through a manageable process that does not require much, if any, individual inquiry").  Because these requests ask for documents that are necessary and proportional to the action, ProctorU must produce them.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted in full.

Dated: October 30, 2023

By:  */s/ Ike Gulas*
       Ike Gulas

Ike Gulas, ASB 0576 S82T
igulas@forthepeople.com
MORGAN & MORGAN
2031 Second Avenue North
Birmingham, AL 35203
Telephone: (205) 879-1234
Facsimile:  (205) 879-1247
Email: igulas@forthepeople.com
       lmorris@forthepeople.com

Philip L. Fraietta (*Pro Hac Vice* forthcoming)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel:  646.837.7150
Fax: 212.989.9163

Christopher R. Reilly (*Pro Hac Vice* forthcoming)
creilly@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, Florida 33131
Tel: 305.330.5512
Fax: 305.679.9006

J. Eli Wade-Scott*
ewadescott@edelson.com
Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Randall K. Pulliam*
rpulliam@cbplaw.com
Samuel R. Jackson
sjackson@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W 7th St.
Little Rock, AR 72201
Tel: 501-312-8500
Fax: 501-312-8505

*Attorneys for Plaintiffs*
**Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Ike Gulas*
Ike Gulas